IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,034




EX PARTE BOBBY WAYNE WOODS




ON SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS 
IN CAUSE NO. 7487 IN THE 355TH DISTRICT COURT
HOOD COUNTY



           Per Curiam. 

O R D E R

           On October 23, 2008, we granted applicant’s motion for a stay of execution based on
his subsequent application for a writ of habeas corpus in which Applicant asserts that he is
mentally retarded and, therefore, his execution would violate the constitution. Applicant
was convicted of capital murder on May 21, 1998. We affirmed the conviction and sentence
on direct appeal. Woods v. State, No. AP-73,136 (Tex. Crim. App. June 14, 2000)(not
designated for publication). On September 15, 1999, applicant filed his initial post-conviction application for writ of habeas corpus pursuant to Article 11.071. We denied
relief. Ex parte Woods, No. WR-44,856-01 (Tex. Crim. App. Sept. 13, 2000)(not designated
for publication). Applicant filed a subsequent application in which he asserted that he was
mentally retarded. We held that the application met the requirements of Article 11.071, § 5,
and remanded the case to the trial court for consideration of the mental retardation claim. 
After the convicting court conducted a hearing and entered findings, we denied relief. Ex
parte Woods, No. WR-44,856-02 (Tex. Crim. App. Apr. 27, 2005)(not designated for
publication). 
           On October 15, 2007, we received a second subsequent application and a motion for
leave to file a writ of prohibition challenging Texas’ execution protocol. We dismissed the
subsequent application and denied leave to file the writ of prohibition. Ex parte Woods, Nos.
WR-44,856-03 and -04 (Tex. Crim. App. September 10, 2008). The present application was
received on October 21, 2008. Applicant raises a single claim in the application: that he is
mentally retarded and that his execution will violate the constitution. Applicant raised this
claim in a previous writ application. 
           This Court has determined that the case should be filed and set. Both parties should
brief the following issues:
(1)      Does the fact that Applicant raised this claim in a previous writ
application bar him from re-litigating this claim pursuant to Ex parte
Blue, 230 S.W.3d 151, 154, 162 (Tex. Crim. App. 2007)?
 
(2)      If he is not barred from re-litigating this claim, what must he establish
as a threshold showing in his writ application under Ex parte Blue?
 
 
           (3)      To what extent should this Court give deference to the habeas court’s original
findings of fact and conclusions of law on the underlying claim in determining
whether a court may consider the merits of a subsequent writ application,
raising that same claim, under Article 11.071, § 5?

The Court will hear oral argument. Briefs from both applicant and the State are due in this
Court within 45 days of the date of this order. No motions for extension of time to file will
be entertained.
           IT IS SO ORDERED THIS THE 5TH DAY OF NOVEMBER, 2008.

Do Not Publish